```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
                                        :
SURGCENTER OF WESTERN MARYLAND,
LLC                                     :

    v.                                  :   Civil Action No. DKC 15-3147

                                        :
CIGNA HEALTH AND LIFE
INSURANCE CO., et al.                   :
```

## MEMORANDUM OPINION AND ORDER

Presently pending and ready for resolution are (1) a motion to remand filed by Plaintiff Surgcenter of Western Maryland, LLC ("Plaintiff") (ECF No. 20), and (2) a motion to dismiss filed by Defendants Cigna Health and Life Insurance Co., et al. ("Cigna" or "Defendants") (ECF No. 16).  Both motions will be denied, but this case will be consolidated with *Conn. General Life Ins. Co., et al. v Advanced Surgery Center of Bethesda, LLC, et al.*, Civil Action No. DKC 14-2376 (the "consolidated suit").

## I.  Background

On October 15, 2015, Cigna removed the captioned case from the District Court of Maryland, asserting federal question jurisdiction under the complete preemption provisions of the Employee Retirement Income Security Act of 1974 ("ERISA").  (ECF No. 1).

Plaintiff filed its initial complaint in state court on May 15, 2015.  (ECF No. 2).  On August 4, 2015, Plaintiff filed an

amended complaint in state court, which is styled as a bad faith insurance claim, asserting that Plaintiff performed a medically necessary surgery procedure on a patient who has Cigna health insurance and that Cigna wrongfully refused to pay Plaintiff's claim. (ECF No. 3). The complaint identifies the patient only by the last 4 digits of his or her patient identification number and the date of the surgery.

## II.  Analysis

### A.  Motion to Remand

As described in *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 161-62 (4th Cir. 1997):

> Section 1446 of Title 28, establishing procedures for removal of any case authorized to be removed by 28 U.S.C. § 1441, provides that a defendant desiring to remove a civil case from state court to federal court must file a "notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds." 28 U.S.C. § 1446(a). The notice must be filed within 30 days after service on the defendant of initial process, or "[i]f the case stated by the initial pleading is not removable," the notice may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b).

Although the statute has been amended since the *Lovern* decision in 1997, the operative language remains the same. The issues of

2

whether the initial complaint is removable, and what is meant by being able to ascertain that the case is one which is or has become removable, have generated varying interpretations. In *Lovern*, the court concluded that:

> [O]nly where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days. Where, however, such details are obscured or omitted, or indeed misstated, that circumstance makes the case "stated by the initial pleading" not removable, and the defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal, provided that, in diversity cases, no more than a year shall have passed from the date of the initial pleading.

121 F.3d at 162. Furthermore, the Fourth Circuit held that a court should not "inquire into the subjective knowledge of the defendant," but may "rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper." *Id.*

More recently, a district judge has summarized the case law on this topic:

> The Fourth Circuit has adopted an objective test to determine the meaning of the phrase "from which it may first be ascertained" in § 1446(b)(3): "[W]e will not require courts to inquire into the

3

subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when. Rather, we will allow the court *to rely on the face of the initial pleading and on the documents exchanged* in the case by the parties to determine when the defendant had notice of the grounds for removal, *requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper.*" *Lovern*, 121 F.3d at 162 (emphasis added) (*citing Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 53-54 (3d Cir. 1993) ("[T]he relevant test is not what the defendants purportedly knew, but what these documents said.")); *see also Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (adopting same test) ("[I]t promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know.").

Some courts applying *Lovern's* objective test have concluded that pleadings or other paper that merely provide "a clue" removal is available trigger the thirty-day clock for timely removal. *See Stenger v. Carelink Healthplans, Inc.*, No. 5:10CV109, 2011 WL 2550850, at *2 (N.D.W.Va. June 27, 2011) (Stamp, J); *King v. Homeside Lending, Inc.*, No. 2:03-2134, 2007 WL 1009383, at *3 (S.D.W.Va. Mar. 30, 2007) (Copenhaver, J.); and *Link Tele-communications*, 119 F.Supp.2d at 544 (Harvey, J.). Other courts have adopted a bright-line test and rejected the notion that a defendant should have to scrutinize a case to determine removability where the initial pleading is indeterminate. *See Dugdale v. Nationwide Mutual Fire Insurance Co.*, No. 4:05CV138, 2006 WL 335628, at *6 (E.D.Va. Feb. 14, 2006).

Courts adopting the "clue" test have relied heavily on the analysis in *Kaneshiro v. North American Company for Life and Health Insurance*, 496 F.Supp. 452, 460 (D.Haw. 1980), where the district court

4

looked "beyond the pleadings" to determine when the thirty-day clock for timely removal begins: "[T]here appears to be a line of support for placing on the defendant desiring removal the burden of scrutinizing the plaintiff's initial pleading, even if it is indeterminate on its face, and of removing within 30 days, at least *unless the initial pleading provides 'no clue' that the case is actually removable*." *Id.* (emphasis added). From this perspective, "even if the other paper is 'vague,' as long as it provides at least some 'clue' that federal claims are asserted, the thirty day time period for removal begins to run." *Stenger*, 2011 WL 2550850, at *2.

In *Dugdale*, on the other hand, the court required that the grounds for removal be apparent within the four corners of the initial pleading or subsequent paper. However, a defendant could not ignore other objective information establishing a federal claim that it had received in conjunction with the lawsuit. *Dugdale*, 2006 WL 335628 at *5.

The Fourth Circuit has never adopted *Kaneshiro's* "clue" test. Moreover, the Court of Appeals for the Ninth Circuit expressly rejected it in *Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689, 698 (9th Cir. 2005), observing that "in the twenty-five years since *Kaneshiro* was decided, no federal circuit court of appeals has embraced its rationale." *Id*. Furthermore, since "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry," *Harris* concluded that its interpretation was consistent with the test articulated by the Fourth Circuit in *Lovern*. *Harris*, 425 F.3d at 694. Thus, at least in the view of the Ninth Circuit, the "clue" test and its subjective inquiry regarding "who knew what when," is incompatible with *Lovern's*

5

>objective standard. *Id.; Lovern*, 121 F.3d at 162.
>
>A bright-line test is consistent with the canon of case law that instructs courts to construe removal statutes narrowly in favor of remand, see *Mulcahey*, 29 F.3d at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)), and also guards against premature and protective removals. Furthermore, it ensures that removal only occurs once the facts supporting removal are evident, thereby minimizing the potential for a "cottage industry of removal litigation." *Harris*, 425 F.3d at 698.

*Dijkstra v. Carenbauer*, No. 5:11CV152, 2012 WL 1533485, at *3-5 (N.D.W.Va. May 1, 2012).

Application of the proper "bright-line" analysis in this case reveals that Defendants removed in a timely fashion. The exact nature of the claim could not be ascertained from the face of the state court complaint, either initially or as amended. In order to state an ERISA claim, there must be an ERISA governed plan, a plaintiff with standing to sue under that plan, suit against an ERISA entity, and a complaint seeking relief available under ERISA. The complaint here is not brought by a plan participant, but rather by an assignee, although the assignment is not pled. The removal notice states that it could not be ascertained, from the complaint, what plan was involved in the claim, and that there might have been more than one potentially applicable plans, including one not governed by

6

ERISA. (ECF No. 1 ¶ 14). Not every insurance coverage dispute arises under an ERISA covered plan and, without precise information as to the identity of the beneficiary and the plan, a defendant cannot know that ERISA complete preemption might apply. The fact that Plaintiff was bringing suit under and ERISA-governed plan was "obscured" or "omitted" from the complaint and was not apparent from the four corners of the pleading.

Plaintiff argues that Cigna was derelict in not making an adequate investigation of its own more promptly. It was not required to do so. This case is unlike those in which a defendant has knowledge of the facts without the help of the plaintiff, such as its own state of citizenship for diversity purposes. *See, e.g. Dang v. Target Corp.*, No. TDC-14-2215, 2014 WL 6705375 (D.Md. Nov. 25, 2014). While ultimately Cigna can consult its own records for some relevant information, it cannot do so without at least some information from Plaintiff as to the identity of its assignor and the policy. When Cigna received information that made the grounds for removal apparent, it timely removed the action. (ECF No. 1 ¶ 14). Accordingly, Plaintiff's motion for remand will be denied.

7

### B.   Motion to Dismiss

Defendants move to dismiss this action because it is duplicative of a counterclaim in the consolidated suit and because the claim is preempted by ERISA. Plaintiff argues that, if not remanded, the action should be consolidated with the consolidated suit. Consolidating this action with the consolidated suit serves the goals of judicial efficiency, consistency, and comity. The undersigned has consolidated more than fifty similar actions into the consolidated suit. (DKC 14-2376, ECF No. 40). Defendants have not shown why this action should be treated any differently than the multitude of removed actions in the consolidated suit. The considerations that lead the court to consolidate the previous actions remain the same, including a strong desire not to resolve these suits piecemeal. Accordingly, Defendants' motion to dismiss will be denied, and the court will consolidate this action with the consolidated suit. Because the similar actions in the consolidated suit have been dismissed pursuant to a joint stipulation of dismissal (DKC 14-2376, ECF Nos. 120; 121), the parties will be directed to inform the court within seven (7) days if this action, once consolidated, should similarly be dismissed.

**III. Conclusion**

For the foregoing reasons, both motions will be denied. The clerk will be directed to consolidate this action with *Conn. General Life Ins. Co., et al. v Advanced Surgery Center of Bethesda, LLC, et al.*, Civil Action No. DKC 14-2376.

Accordingly, it is this 30th day of December, 2015, by the United States District Court for the District of Maryland, ORDEERED that;

1. Plaintiff's motion for remand (ECF No. 20) BE, and the same hereby IS, DENIED;

2. Defendant's motion to dismiss (ECF No. 16) BE, and the same hereby IS, DENIED;

3. This case is consolidated for all purposes under Civil Action No. DKC 14-2376;

4. The parties are directed to inform the court within seven (7) days if the complaint, once consolidated, should be dismissed pursuant to the joint stipulation for dismissal and related order in the consolidated suit; and

5. The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for the parties and CLOSE this case.

                                                    /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge